UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

CHRISTOPHER BROWN,

                              Plaintiff,

- versus -

SERVICES FOR THE UNDERSERVED,

                              Defendant.

ORDER  
12-CV-317

JOHN GLEESON, United States District Judge:

On January 18, 2012, Christopher Brown filed the instant *pro se* complaint for employment discrimination on the basis of sex. On January 31, 2012, Magistrate Judge Pohorelsky granted Brown's application to proceed *in forma pauperis* and directed the United States Marshals Service to serve the summons and complaint upon the defendant. I hereby vacate Magistrate Judge Pohorelky's order, grant Brown leave to proceed *in forma pauperis* only for the purpose of this order, and dismiss the complaint without prejudice and with 30-days leave to replead.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." When a complaint lacks "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure, it fails to state a claim on which relief may be granted and must therefore be dismissed under § 1915(e)(2)(B)(ii). *See, e.g.*, *O'Neil v. Ponzi*, 394 Fed. App'x 795, 796 (2d Cir. 2010); *Solis v. Breslin*, 107 Fed. App'x 262, 264 (2d Cir. 2004).

A *pro se* complaint, however, "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). The court must liberally construe a *pro se* plaintiff's pleadings and interpret his complaint to raise the strongest arguments it suggests. *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (alteration in original).

Construing Brown's complaint liberally, I find that it fails to state a plausible claim for relief as required by Rule 8 and must be dismissed. Brown alleges that he was terminated from his job and retaliated against by his supervisor because of his sex, Compl. at 3, which I construe as a claim for purposeful discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Under Title VII, discriminatory animus is an element of a purposeful discrimination claim. *Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977, 986 (1988). Thus, under the new plausibility standard for pleadings, the factual allegations in the complaint must allow the Court to draw the reasonable inference that Brown was retaliated against and/or fired because of his sex. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

There are no factual allegations in the complaint that plausibly suggest that Brown was terminated and/or retaliated against because of his sex. While the complaint contains facts that might permit the reasonable inference that Brown's supervisor acted unfairly, unfair behavior is not prohibited by Title VII unless it was motivated by discriminatory animus (here,

animus based on Brown's gender). Nothing in the complaint even hints of sex-based animus, and Brown himself suggests that the unfair treatment he received was due to the fact that he did not "go along with [his supervisor's] program," Compl. at 33, instead questioning her handling of work matters, Compl. at 5, 33. I therefore conclude that Brown's complaint fails to state a plausible claim for relief for sex discrimination and I dismiss the complaint *sua sponte*.

## CONCLUSION

For the reasons set forth herein, I vacate the order issued by Magistrate Judge Pohorelsky on January 31, 2012, grant *in forma pauperis* status only for the purpose of this order, and dismiss the complaint without prejudice pursuant to § 1915(e)(2)(B)(ii). Brown is granted 30-days leave to file an amended complaint under Title VII if he wishes. Should he choose to do so, he must set forth the factual allegations that he claims are suggestive of sex discrimination. The amended complaint should bear the case number 12-CV-317 and the title "Amended Complaint." A failure to respond to this order within the 30-day period will result in dismissal of the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: February 2, 2012
      Brooklyn, New York

3